IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
IN RE HAYES LEMMERZ INTERNATIONAL:   Civil Action No. 01-CV-73433DT
INC. EQUITY SECURITIES LITIGATION    :   Hon. Arthur J. Tarnow
---------------------------------------------------------------x
-

## PRELIMINARY APPROVAL ORDER

WHEREAS, by Order dated January 26, 2004, the Court appointed David Todd Miller, John Prater, and Bruce J. Chamberlain as Class Representatives in the above captioned action, and Beatie and Osborn LLP as Class Counsel;

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement (the "Settlement") of the above-captioned action (the "Action") in accordance with the Stipulation of Settlement dated June 29, 2004 between Class Representatives and defendant D.N. Vermilya (the "Vermilya Stipulation") and the Stipulation of Settlement dated May 5, 2005 between Class Representatives and defendants Ranko Cucuz, William Shovers, John Rodewig, Ray Witt, Cleveland Christophe, Ronald Kolakowski, James Jarrett, Jesus Bonilla, Allen Buntin, Penny Wilson, and David Nier (the "Defendants Stipulation"), and which sets forth the terms and conditions for a proposed Settlement of the Action and for the release of certain claims (as defined in the stipulations as "Released Claims") upon the terms and conditions set forth therein;

WHEREAS, this Court has previously certified a plaintiff class consisting of a class of persons or entities who purchased or otherwise acquired the equity securities of Hayes Lemmerz

In re Hayes Lemmerz
01-73433

International, Inc. between June 3, 1999 and September 5, 2001, inclusive, and who were damaged thereby;

WHEREAS, the class excludes the following persons and entities who would otherwise fall within the Class definition: (1) Hayes Lemmerz International, Inc., ("Hayes"), (2) KPMG LLP, (3) Ranko Cucuz, William D. Shovers, D.N. Vermilya, John S. Rodewig, Ray H. Witt, Cleveland A. Christophe, Ronald Kolakowski, James Jarrett, Jesus Bonilla, Allen Buntin, Penny Wilson, David Nier, Paul S. Levy, Jeffrey Lightcap, David Ying, Anthony Grillo, and Andrew Heyer (the "Excluded Individuals"), (4) members of the families of the Excluded Individuals, (5) the subsidiaries or affiliates of Hayes, KPMG or the Excluded Individuals, (6) any person or entity who is a partner, officer, director, employee or controlling person of Hayes, KPMG or the Excluded Individuals, (7) any entity in which any of the Excluded Individuals has a controlling interest, (8) Joseph Littlejohn & Levy Fund II, L.P., TSG Capital Fund II, L.P. and CIBC WG Argosy Merchant Fund 2, L.L.C., their past, present or future subsidiaries, parents, successors, and predecessors, and (9) the legal representatives, heirs, successors or assigns of any such excluded person.

WHEREAS, the Court having read and considered the Vermilya Stipulation, filed June 29, 2004, the Defendants Stipulation, Class Representatives' Motion for Preliminary Approval of the Settlement with Defendants, and the attached exhibits;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement appears to fall within the range of possible approval criteria, as it provides a beneficial result for the Class and appears to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel;

In re Hayes Lemmerz
01-73433

WHEREAS, the Court also finds, upon a preliminary evaluation, that the Class should be apprised of the Settlement, allowed to file objections thereto and to appear at the Fairness Hearing, or alternatively, be afforded a reasonable opportunity to opt out of the Action;

WHEREAS, the Court finds, upon a preliminary evaluation, that the Publication Notice and Settlement Notice, attached to the Defendants Stipulation as Exhibits C and D, respectively, and the methodology described in the Joint Motion and in paragraph 4 of this Order for the publication and dissemination of such Settlement Notice and Publication Notice: (i) are the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meet all applicable requirements of the Federal Rules of Civil Procedures, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act, the Rules of the Court and any other applicable law;

WHEREAS, unless otherwise stated herein, all defined terms contained herein shall have the same meanings set forth in the Vermilya Stipulation and Defendants Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Vermilya Stipulation and the Defendants Stipulation as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Fairness Hearing described below.

2. A hearing (the "Fairness Hearing") shall be held before this Court on **July 20, 2005 at 2:30 p.m.** at the U.S. District Court for the Eastern District of Michigan, Southern Division,

In re Hayes Lemmerz
01-73433

Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, 5th Floor, Detroit, Michigan 48226, to determine whether the proposed Settlement on the terms and conditions provided for in the Vermilya Stipulation and the Defendants Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether the Final Judgment as provided in the Vermilya Stipulation and the Defendants Stipulation should be entered herein; and to determine the amount of fees and expenses that should be awarded to Class Representatives and Class Counsel.

3. The Court approves, as to form and content, the Publication Notice, the Notice of Class Certification and Settlement of Class Action (the "Notice"), and the Proof of Claim and Release form (the "Proof of Claim") attached to the Defendants Stipulation as Exhibits C, D, and E, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice in the manner and form set forth in paragraph 4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby authorized to retain the firm of The Garden City Group, Hayes Lemmerz Equity Securities Litigation, P.O. Box 9000 #6173, Merrick, NY 11566-9000 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. Not later than **May 23, 2005** (the "Notice Date"), Class Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms attached to the

    Stipulation as Exhibits D and E hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

b. Not later than **May 30, 2005,** Class Counsel shall cause the Summary Notice, substantially in form attached to the Stipulation as Exhibit C, to be published on one occasion in the national edition of <u>The Wall Street Journal</u>, defendants shall pay for the cost of such publication;

c. Not later than **May 30, 2005,** Class Counsel, the Claims Administrator and the Company shall cause the Notice to be published on their respective websites; and

d. Not later than **June 20, 2005,** Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or acquired Hayes equity securities for the benefit of another person or entity during the Class Period shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of the equity securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6. All Class Members who do not timely and validly request exclusion from the Class shall be bound by all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, even if such Class Member has previously initiated or subsequently

In re Hayes Lemmerz
01-73433

initiates individual litigation against any of the defendants or other proceedings encompassed by the Settlement.

7.  Class Members who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Notice, including mailing or delivering a written request for exclusion such that it is postmarked by **June 30, 2005** to: (1) the Clerk of the Court for U.S. District Court for the Eastern District of Michigan Southern Division, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, 5th Floor, Detroit, MI 48226; (2) The Garden City Group, Hayes Lemmerz Equity Securities Litigation, P.O. Box 9000 #6173, Merrick, NY 11566-9000; (3) Daniel A. Osborn, Esq., Beatie and Osborn LLP, 521 Fifth Avenue, Suite 3400, New York, NY 10175; (4) Matthew F. Leitman, Esq., Miller Canfield Paddock & Stone PLC, 840 West Long Lake Road, Suite 200, Troy, MI 48098, and (5) Michael I. Allen, Esq., Shapiro Forman Allen Sava & McPherson LLP, 380 Madison Avenue, New York, New York 10017, as provided in the Notice.

8.  Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted to the Claims Administrator by first-class mail, postmarked by **August 30, 2005.** Any class member who has already submitted a claim in this case in connection with the partial settlement with KPMG need not submit a new claim form. Any Class Member who does not validly and timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

In re Hayes Lemmerz
01-73433

9.     Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of Court and deliver to Class Counsel and defendants' counsel a notice of appearance such that it is received by **June 30, 2005,** or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

10.    All Class Members who do not validly and timely exclude themselves from the Class are enjoined from filing, commencing, prosecuting, intervening in, participating in as Class Members or otherwise, or receiving any benefits or other form of relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

11.    All persons and entities are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not validly and timely exclude themselves from the Class, if such other lawsuit is based on or relates in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

12.    Any Class Member may appear and show cause, if he, she or it has any such cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a Final Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should

In re Hayes Lemmerz<br>01-73433

not be awarded to Class Counsel; provided, however, that no Class Member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Class Counsel, unless that person or entity has filed written objections and copies of any such papers and briefs with the Clerk of the Court for the Eastern District of Michigan, Southern Division, on or before **June 30, 2005,** and unless copies of such written objection papers and briefs are received by each of the following:

>Daniel A. Osborn, Esq.
>BEATIE AND OSBORN LLP
>521 Fifth Avenue, Suite 3400
>New York, NY 10175
>Telephone:    (212) 888-9000
>
>Matthew F. Leitman, Esq.
>MILLER CANFIELD PADDOCK & STONE PLC,
>840 West Long Lake Road, Suite 200,
>Troy, MI 48098
>Telephone:    (248) 267-3294
>
>Michael I. Allen
>SHAPIRO FORMAN ALLEN SAVA & MCPHERSON LLP
>380 Madison Avenue
>New York, New York 10017
>Telephone:    (212) 972-4900
>
>THE GARDEN CITY GROUP
>Hayes Lemmerz Equity Securities Litigation
>P.O. Box 9000 #6173
>Merrick, NY 11566-9000
>Telephone:    (800) 298-0815

The objections and/or briefs filed by the objecting Class Member must contain a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including the legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection.  Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever barred and foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to the Class Representatives and/or their Class Counsel.

13. Class Counsel or its designated agents (such as the Claims Administrator) shall rent one or more post-office boxes to be used for receiving requests for exclusion and any other communication.  Additionally, defendants' counsel and Class Counsel, and any other counsel for the Class, shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.  Class Representatives and the defendants shall provide a means for those filing objections to obtain access, at their own expense, at the Company's counsel's office, or other location agreed upon, to the discovery materials in this Action, provided that such individuals shall not be given access to these materials unless and until they enter into the Confidentiality Order agreed to by the parties to the Settlement governing the treatment of confidential information produced in the Action.

14. Neither defendants nor defendants' counsel shall have any responsibility for any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Class

In re Hayes Lemmerz<br>01-73433

Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15.     At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses shall be approved.

16.     All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement, shall be paid as set forth in the Settlement Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Representatives nor their Class Counsel shall have any obligation to repay to defendants or their insurers the reasonable and actual costs of Class Notice and of administration.

17.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising

In re Hayes Lemmerz<br>01-73433

out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: May 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2005, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Case Manager